# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

Michael Widmer

)
)
)
)

Case Number: 13-CV-663 MJR-SCW

(Clerk's Office will provide)

*Plaintiff/Petitioner(s)*

1st Amended

☒ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)

v.

Page, Childers, Harrington Jones,
Butler, Bramlet, Nurse Jane Does,
1, 2 +3, Medical director, medical doctor,
Oveleiser, Chaplan, Phillip Johnt
*Defendant/Respondent(s)*
Korando + Jane Does.
mail room staff.

)
)
)
)
)
)

☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act,
28 U.S.C. §§1346, 2671-2680, or other law

I.   JURISDICTION

Plaintiff:   Michael Widmer

A.   Plaintiff's mailing address, register number, and present place of confinement.

michael Widmer B30985, Menard, Correctional Center, PO Box 1000, Chester Il 62259.

Defendant ☒ Supplemented in this amended complaint

B.   Defendant ____Childers____ is employed as
(a)   (Name of First Defendant)

____Corrections Lieutenant____
(b)   (Position/Title)

with ____Illinois Department Of Corrections____
(c)   (Employer's Name and Address)

Menard Correctional Center, PO 1000, Chester Il 62259

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain:

State Govt Agency IDOC.

Defendant #2: ~~Supplemented~~ in this amended complaint.

C.    Defendant _Exelciser_____ is employed as

(Name of Second Defendant)

_Corrections Lieutenant_____
(Position/Title)

with _Illinois Department Of Corrections___
(Employer's Name and Address)

_Menard Correctional Center, Chester Il 62259___

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?  ☑ Yes   ☐ No

If you answer is YES, briefly explain:

IDOC State Agency.

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

#3 _Defendant Phoenix is a female corrections counselor at Menard Correctional Center in Chester Il 62259._

#4 _Defendant Korando is a corrections officer at Menard Correctional Center in Chester Il, 62259._

E. _The above 4 named defendants were unknown or not named in the original complaint. All other defendants remain._

C.  Defendant _____Childers_____ is employed as
                    (Name of Second Defendant)
    ___Corrections Lieutenant assigned to internal affairs___
                         (Position/Title)
    with ____Illinois Department Of Corrections_____
                    (Employer's Name and Address)
    __Menard Correctional Center, PO 1000, Chester Il 62259__

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the
state, local or federal government?

            Yes (X)          No ( )

If your answer is "yes", briefly explain:
    ___Illinois Department Of Corrections___
    ___State Government Agency.___

D.  Using the outline of the form provided, include the above information for any additional
    defendant(s).
    All of the following defendants are state government employees
    of Illinois Department Of Corrections at Menard Correctional Center.
    Page is a corrections Lt., Harrington is the warden, Jones is the
    the assistant warden, Butler is an an assistant warden,
    medical director is the medical director at Menard, Evelsizer is a
    Corrections Lt., Chaplin is the chaplain at Menard, Jane Doe 1,
    Jane Doe 2 and Jane Doe 3 are Wexford Health Care/IDOC
    employees (Nurses) John or Jane Does are unknown mailroom staff, or
                                    internal affairs employees.
II. PREVIOUS LAWSUITS   JONES + BUTLER are assistant wardens.
                        Bond BRAMLET is a legal coordinator.
    A.  Have you begun any other lawsuits in state or federal court relating to your imprisonment?

            Yes (X)          No ( )

    B.  If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more
        than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper,
        using the same outline.)  <u>Failure to comply with this provision may result in summary
        denial of your complaint.</u>  I have filed 7 complaints in the
        Southern District Of Illinois Federal Court, since 1998.
        I currently have 6 pending complaints in the Southern
        District Federal Court and 1 complaint in the Central District
        Of Illinois. Counsel is appointed in both districts in all
        cases. All cases are against employees of IDOC.

1.  Parties to previous lawsuits:
    Plaintiff(s) _____ Myself only _____

    Defendant(s) Numerous, but None who are named in this complaint.

2.  Court (if Federal Court, name the District; if State Court, name the County)
    Central + Southern District Of Illinois Federal Court
    12-C-2234 Central District Judge McCuskey

3.  Docket numbers 12 cv 1261, 13 cv 23, 13 cv 24, 13 cv 25, 13 cv 26. 13cv 417 Southern

4.  Name of Judge to whom case was assigned ~~Mirkdo~~ Reagan, and Gilbert

5.  Type of case (for example: Was it a Habeas Corpus or Civil Rights action?)

6.  Disposition of case (for example: Was the case dismissed? Was it appealed? Is it
    still pending?) Pending

7.  Approximate date of filing lawsuit ___ JAN 7, 2013 ___

8.  Approximate date of disposition ___ Pending N/A ___

## III. GRIEVANCE PROCEDURE

A.  Is there a prisoner grievance procedure in the institution? ___ yes ___

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
    Yes (X) No ( )

C.  If your answer is "yes",
    1.  What steps did you take? I filed a total of 10 grievances under
        the EMERGENCY GRIEVANCE provision beginning on June 19, 2013.
        After 25 days I received No answer, response or relief.

    2.  What was the result? No response other than from defendant Childers
        who advised me, it would do me No good to file grievances
        + He said in a hostile tone. On July 2nd, 2013 in his office,
        while being interviewed about my being assaulted on 6-19-13

D.  If your answer is "no", explain why not. N/A by Jeff Pelit, upon order of Jeff
    _____
    Childers.
    _____

    _____

E.   If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes (X)   No ( )

F.   If your answer is "yes":
1.   What steps did you take? I authored and mailed letters to defendants Harrison, Butler, Jones, Medical Director, Chaplain, and Brunet + Phoenix, as well as IDOC director, deputy director for Southern Region and Governor Patt Quinn.

2.   What was the result? I was interviewed by internal affairs on July 2, 2013 and told by Jeff Childers it would do me no good to file grievances at Menard. Deft Phoenix told me she could not assist me with any issue and refused.

G.   If your answer is "no", explain why not. N/A

H.   Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not: I sent my duplicate requests and correspondences to defendant Brunet on 3 occasions and they were never returned to me. I have No response from the defendants.

## IV.   STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.** Additionally, attach any relevant, supporting documentation.

COUNT I  CRUEL AND UNUSUAL PUNISHMENT/DENIAL OF MEDICAL TREATMENT
1) At all times and dates of incidents alleged in this complaint, I was in the custody and control of the defendants at Menard Correctional Center.
2) Upon my arriving at Menard on June 19, 2013, I was ordered by deft. Bebout to allow him to remove my waist chain and place me in handcuffs behind my back.
3) I informed defendant Bebout that I had a current special medical needs permit for a waist chain issued in IDOC on April 27, 2013 with an indefinate expiration date. (Exhibit A)
4) Defendant Bebout informed defendant Phae, who was standing near us that I stated I was injured and had a waist chain permit.
5) Defendant Phae immediately began screaming and cursing within inches of my ear stating, "I don't give a fuck what kind of permit you have, your in Menard now and we have our own rules here."

- 4 -

6) I told the defendants that I was unable to place my left arm behind my back and that I was in a physicians care and had a current medical special needs permit for waist chains that was indefinite expiration.

7) Defendant Page then ordered defendant Bebout to cuff me behind my back.

8) Defendant Bebout then forcefully pulled my arms behind my back and cuffed me.

9) I cried out in pain and asked defendants Page and Bebout to stop hurting me.

10) Defendant Bebout, then escorted me in a bent over position to be screened by defendants Jane Doe 1, Jane Doe 2 and Jane Doe 3.

11) I informed all (3) Jane Doe defendants that I was injured and in great pain.

12) Defendants Jane Does 1, 2 + 3 ignored my request for medical assistance and that I had a medical special needs permit for waist chains.

13) Defendants Jane Does 1, 2 + 3 stated that they didn't care about my injury or permit.

14) Defendant Bebout then escorted me (bent over in pain) approximately 100 yards to NR-segregation to be strip searched.

15) I was cuffed behind my back in agony for approximately 35 minutes, while in the custody and control of defendant Bebout.

16) Upon being strip searched by defendant Bebout on June 19, 2013, I was ordered to hand over all of my clothing including my eye glasses, which I complied with.

17) My eye glasses were in excellent condition when I hand them to deft. Bebout.

18) When my clothing and eye glasses were returned to me a few minutes later by defendant Bebout by defendant Bebout they were broken.

19) Defendant Bebout confiscated my glasses and issued me a shake down slip.

20) Upon being escorted to my cell by defendant Bebout, I ran head first into a wall due to being bent over and unable to see. This caused a knot on my head.

21) Approximately 15 minutes after being placed in my cell on June 19, 2013 an unknown officer returned my eye glasses to me stating "I guess you really do need these".

22) On June 19, 2013, I submitted written requests to defendants medical director, Butler, Harrison, Jones requesting medical treatment for my shoulder being further injured by defendants Page and Bebout and to replace my glasses.

23) On June 19, 2013, I filed 3 grievances marked as EMERGENCY by placing them in an envelope addressed to defendant Harrison pertaining to: A) Being denied medical treatment, B) Being injured by defendants Bebot and Page using excessive force, C) For my eye glasses being broke by C/O's. I also sent letters to defendants Jones and Butler of the same information.

24) On June 23rd, 2013, I sent defendants, medical director, Harrington, Jones and Butler copies of my special medical needs permit and requests for medical treatment.

25) On June 27, 2013, I was seen by an optometrist who ordered me new bi focals

26) On June 31, 2013 a medical doctor was in my unit but didn't see me.

27) On July 1st, 2013, I again sent defendants Harrison an EMERGENCY grievance due to being denied medical treatment and by or being injured by deft's Page + Bebot.

28) On July 10, 2013 at 9pm, I was denied medical treatment by deft's Fielsizer.

29) As of the date of my writing this complaint, July 18, 2013, I have never received a response to any request or grievance I have filed, nor been given any medical treatment except from the optometrist as previously stated. Nor offered, nor refused.

30) I was interviewed on July 2nd, 2013 by internal affairs staff regarding my being assaulted on June 19, 2013 by deft's Page + Bebot.

31) Defendant Childers told me on July 2nd, 2013 that it would do me no good to file grievances here at Menard. I told defendant Childers, I had documents to support my complaints that I wanted to send him. Defendant Childers said it would do no good.

## COUNT II MAIL OBSTRUCTION

32) On June 25, 2013, I received legal mail from the Illinois Attorney General opened outside of my presence by defendant John or Jane Doe.

33) On June 26, 2013, I received legal mail from Judge Steve Pacey already opened outside of my presence by defendant John or Jane Doe. (Exhibit B)

34) On June 27, 2013, I received legal mail from Peoples Uptown Law Center EXC and Illinois Court of Claims opened outside of my presence by by deft John Jane Doe.

35) On June 27, 2013, I filed an EMERGENCY grievance about the mail to deft Harrison.

36) On June 28, 2013 I received legal mail from attorney Mike Zopf already opened from Shields by defendant John or Jane Doe. (Exhibit E)

37) On July 1, 2013, I received legal mail from attorney [illegible]
outside of my presence by defendant John or Jane Doe. (Exhibit F)

38) On July 2, 2013 I received legal mail opened outside of my presence a from atty
Troy Doles by defendant John or Jane Doe.

39) On July 8, 2013, I received legal mail from attorney Troy Doles opened outside of my
presence by defendants John or Jane Doe. (Exhibit G)

40) On July 9, 2013, I received legal mail from the Illinois Court of Claims, opened
outside of my presence by defendant John or Jane Doe. (Exhibit ● lost)

41) On July 10, 2013, I received legal mail from attorney Mike Zopf opened
outside of my presence by defendant John or Jane Doe. (Exhibit H) (stamped opened)

42) On July 12, 2013, I received 3 pieces of legal mail from attorneys Troy Doles
and Sean Sayers from officer Hepp. Upon observing the mail had been opened
outside of my presence, then re-taped, I refused to sign for it. (Exhibits I-J)

43) On July 11th, 2013, I received legal mail opened outside my presence by deft John Doe.

44) On July 11, 2013, I attended a video conference with 5 of my court appointed
attorneys. I informed them of the fact my legal mail is constantly brought to me
already opened as well as my legal mail to the court not being sent out or e-filed, by
defendants, John/Jane Doe, Harrison, Childers, Brandt. On this day my attorneys
authored and mailed a letter to the counsel of IDOC (See exhibit K) warning of mail destruction.

45) My attorneys authored and mailed a letter to Illinois Attorney General (Exhibit ●)(K).

46) On June 23rd, 2013, I sent legal documents to defendant Brandt to be
copied along with a signed money voucher. I also requested case laws, paper
envelopes and a pen to communicate with the court due to my being indigent.

47) On June 25, 2013, I give an unknown inmate law clerk 40 legal documents
and a signed money voucher for copies along with a request for legal supplies to
defendant Brandt.

48) I received notice that funds were taken from my trust account but I have not
received [illegible]. all requested copies and no legal materials as of 7-19.

49) On July 1, 2013 an unknown inmate law clerk came to segregation making
[illegible] unsupervised.

-7-

50) be photo copied along with a request addressed to defendant Bramlet for legal materials and supplies and a letter asking where my previously submitted legal documents were at along with a signed money voucher.

0.A) On July 11, 2013, after being notified by my counsel, deft. Bramlet efiled my court documents.

# COUNT III MAIL OBSTRUCTION

51) On June 23rd, 2013, I placed in the US Mail, envelopes addressed to the clerk of the US District Federal Court in East St Louis Illinois, to notify the court my address changed on June 19, 2013.

52) I have multiple cases pending in state and Federal courts currently.

53) On June 27, 2013 my legal mail addressed to the US District Court and placed in the outgoing US Mail, was returned to me by defendant John True Doe.

54) I placed my outgoing legal documents to be filed in the US Southern District Court in the US Mail addressed to defendant Bramlet with a request that the documents be e-filed on July 2nd, 2013. (After notice on 7-11-13 it was filed).

55) None of my legal documents addressed to the clerk of the Federal court were ~~stole~~ ~~to~~ returned to me untill July 17, 2013. ~~these were~~

56) On July 11, 2013, I informed my court appointed counsel that defendants Harrison and Bramlet were obstructing my US Mail and legal mail and denying me court access, by not e-filing my court documents of July 2, 201:

57) My attorneys sent a letter to the Illinois Attorney General who represents all IDOC employees including the defendants in this complaint. (See exhibit "K" 7-11-1

58) As a result of my legal mail being obstructed, opened outside of my presence, stolen or lost by defendants John or True Doe, Harrison, Jones, Butler and Bramlet, I have suffered severe head aches, loss of appetite, anxiety, depression, mental and emotional anguish.

59) I have not received any response whatsoever to grievances I filed under the "EMERGENCY" provision on June 19, 2013, June 27, 2013 and again in July 1st 2013 at the time of writing or filing this complaint on July 19, 2013 now I had to hand this to my attorneys to get it to the court. ~~Reply does Not~~

-3-

# COUNT IV   DENIAL OF RELIGIOUS DIET

60) On June 19, 2013, I filed an EMERGENCY grievance to Defendant Harrison due to being denied a Kosher diet and sent letters to defendant Butler, Jones and Chaplain requesting a Kosher diet.

61) My religion is identified on the TDOC offender tracking system (OTS) as African Hebrew Israelite.

62) A tenant of my religion is to receive a Kosher diet.

63) On June 21st, 2013, I spoke to defendant Chaplain and requested a Kosher diet.

64) On June 23, 2013, I submitted Kosher diet request forms to defendants Harrison, Butler and Chaplain requesting a Kosher diet.

65) I have been completely denied a Kosher diet by defendants Chaplain, Harrison, Butler since my arrival at Menard on June 19, 2013.

66) As a result of defendants Chaplain, Harrison, Butler, all denying me a Kosher diet, I have lost weight, felt weak, had stomach pain, headaches and been forced to consume non Kosher foods against my religious beliefs.

67) I showed defendant Chaplain my id card which has my religious preference listed on the back of it on June 21st, 2013.

68) Under Illinois State Law a medical doctor is to attend segregation weekly. A nurse is to screen sick call requests daily, and a chaplain is to make weekly rounds in segregation. (See exhibits L + M)

69) Medical doctor, nurse and chaplain do not make rounds in segregation in compliance with state law and are not available upon request.

70) Due to the Administration to allow . . . to receive a Kosher diet on 7-15-13 . . .

COUNT 2 RETALIATION

1) On July 10, 2013 defendant Harrington denied my request for a time cut in segregation without reasonable justification or explanation except stating, "Nature Of Offense", (See exhibit N) After I filed multiple grievances, letters and mailed this original complaint to dept. Bramley to file on 7-2-13.

2) Defendant Harrison has granted numerous segregation time cuts for inmates with much worse disciplinary records, more serious rule infractions and gang or security threat group involvement in IDOC.

3) On 2 seperate dates, in front of 2 seperate cellmates, security staff John Does have come to my cells and threatened me with "making my life a living hell" if I put their name in my complaints or grievances.

4) I do fear for my life and therefore am not naming these John Doe defendants in this complaint even though I know their names.

5) Defendants Harrington and Phoenix refuse to reinstate my audio/visual privileges without any reason given, after I filed several grievances.

6) After 60 consecutive days in segregation inmates are eligible for restoration of audio/visual privileges if they have not received an IDR.

7) Defendant Korando denied me to go a medical call pass on July 18, 2013, stating, "you refused since you went to yard".

8) I was never allowed to receive medical treatment and never refused or signed a refusal at any time, by deft. Karando.

9) Deft. Korando stated to my cellmate Greenwood on July 9, 2013, "I hate to be a turkey from my gallery", -10- but I dont know how long Widmer will be

80) Defendant Korando left my cell door unsecured on July 18, 2012 in maximum security disciplinary segregation upon my cellmate Greenwood and I returning from yard at 1230 pm.

81) Corrections Officer Harris came by doing count on the 3-11 pm shift doing count and found my cell door to be partially open and secured it, on July 18, 2013, at 315 pm.

82) Defendant John Doe and Defendant Phoenix have denied me hygine products for 31 days as of today, as have defendants Butler, Jones and Harrison.

83) I have no money and am indigent.

84) I have written 5 requests for hygine products including a tooth brush, shampoo, toothpaste, soap and deodorant, to defendants Phoenix, Butler, Jones, and Harrison.

85) The temperature is well over 100° F. inside my cell daily and being unable to maintain my hygine is causing me to have severe dandruff, skin rashes and extreme mental and emotional anguish.

86) I have been ordered to live in cell 8-24 on the top bunk by defendant Korando although I have an indefinate low bunk medical permit prior to even arriving at Menard. This causes me daily pain and suffering to climb into the top bunk, due to my being injured.

Date
July 19, 2013

Signature,
Michael Quinonez

-11-

## V.   REQUEST FOR RELIEF

State exactly what you want the Court to do for you.  If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example:  illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

All defendants are sued in their individual and official capacities. I seek injunctive relief to: 1) enjoin defendants Harrison, chaplain, Butler and Jones from continuing to deny me a Kosher diet. 2) enjoin defendants medical director, Harrison, Butler, and Jones from denying me medical treatment. 3) enjoin defendants John or Jane Does, Harrison Butler, Jones and Childers from obstructing or interfering with my incoming and outgoing US Mail and Legal Mail. 4) enjoin defendants Harrison and Childers from retaliating against me for exercising my right to redress thru grievances and the courts. I also seek a declatory order, compensatory and punitive damages in the sum of 50,000 from each defendant, any other relief granted. To enjoin defendant Bramlet, from delaying, obstructing or denying me, meaningful access to the courts.

## VI.   JURY DEMAND *(check one box below)*

The plaintiff does ☒   does not ☐   request a trial by jury.  *(See Fed.R.Civ.P. 38.)*

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure.   The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 19 day of July, 2013.

_____
Signature of Plaintiff

_____
N/A
Signature of attorney, if any



Illinois Department of Corrections
**MEDICAL PERMIT**
**Lawrence Correctional Center**

Offender Name: Widmer, Michael     Offender Number: B30985
Housing Unit: BCU12

| ☒ New Order | ☐ Renewal |
|---|---|
| ☐ Change | ☐ Cancel |

☐ Low Bunk - Per Physician Orders the above named inmate is to have
☒ Low Gallery - a low bunk/low gallery due to his medical conditions.
See start Date below.

| ☐ Medical | ☐ ADA | ☐ State Boots |
|---|---|---|
| ☐ Cane | | ☐ Special Shoes: _____ |
| ☐ Orthopedic | | |
| ☐ Crutches | | ☐ Contacts |
| ☐ Other: | | |
| ☐ Walker | | ☐ Fan |
| ☐ Slow Walk | | ☐ C-PAP Machine |
| ☐ Hearing Aid(s) | | ☐ No Gym/Yard |
| ☐ Wheel Chair | | ☐ Medical Lay-In |
| ☐ Other ADA: | | ☒ Other: Waist Chains |

Start Date: 4/27/13     Expiration Date: Indefinate

Authorized By:

MD: _____     Date: 4/27/13

PA: _____     Date: _____

Distribution: Inmate
        Medical Records
        ☐ Clothing
        ☐ Personal Property
        ☐ Placement

*Printed on Recycled Paper*

LAW 0356 (Rev 10/2009)

IDOC000339

Illinois Department of Corrections
# HUNGER STRIKE RECORD
## LAWRENCE CORRECTIONAL CENTER

Page 1 of 1.

Offender's Name and Number: Wichmer #B30985   Housing Unit Assignment: Seg CL-Z

Placement in Non-Disciplinary Controlled Housing: Seg CL-2

Date/Time of Declaration: 4-27-13 /4⁰⁰ pm   Date/Time of Termination: 4-28-13 /10ᴿ Am

| Declaration Notification: | Date | Time | Notified By |
|---|---|---|---|
| Warden/Duty Warden | 4-22-13 | 4⁰⁵ pm | Lt Whelan |

Regularly Scheduled Meals: Record Date and Time

1st Refusal 4-27-13 /4ᴾ   2nd Refusal 4-28-13 /5ᴬ   3rd Refusal _____

CAO or Designee Interview: Cellmate issues

| Date | Time | Type and Amount of Last Food Offered | % Consumed | C/O's Signature and Badge # |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

L Cunningham, DON Received 4/29/ 801-2

LAW 0338 (REV. 1/2004
DOC000340

Exhibit 3

Exhibit E



STEVE PACEY, CIRCUIT JUDGE
FORD COUNTY COURTHOUSE
200 WEST STATE STREET
PAXTON, ILLINOIS 60957

LEGAL MAIL

Michael Widmer #B30985
P.O. Box 1000
Menard, IL 62259

N-24-51

EXHIBIT E

$00.460
06/24/2013
Mailed from 62957
US POSTAGE



Uptown People's Law Center
4413 N. Sheridan
Chicago, Illinois 60640

Forward To
Menard Correctional Center
711 Kostkoskin Street
Menard, IL 62259

Michael L Widmer
B30985
Lawrence Correctional Center
Sumner, Illinois 62466

Privileged Legal Correspondence

Exhibit I   2B

**State of Illinois**
*COURT OF CLAIMS*
630 SOUTH COLLEGE
SPRINGFIELD, IL 62756

Forward To
Menard Correctional Center
711 Kuskoskin Street
Menard, IL 62259

This correspondence was not clearly marked as "LEGAL" or "PRIVILEGED" therefore it was opened in the mailroom. Please notify sender so mail can be marked accordingly.

Michael Widmer #B30985
10930 Lawrence Road

Exhibit D

NO 451



Exhibit E

29

Michael J. Koff
ATTORNEY AT LAW
501 WEST CHURCH • CHAMPAIGN, IL 61820

(Exhibit E)

This correspondence was not
clearly marked as "LEGAL" or
"PRIVILEGED" therefore it was
opened in the mailroom.
Please notify sender so mail
can be marked accordingly.

CHAMPAIGN IL 618
JUN 2013 PM 2 1

EXHIBIT E

MR. MICHAEL WIDMER
INMATE B30985
MENARD CORRECTIONAL CENTER
PO 1000
MENARD, ILL. 62259



N2
4-51

Equality
FOREVER



U.S. POSTAGE
77429
90969280
05.13
FOREVER
APC

Exhibit 37)

Exhibit K

Correctional Center
Michael Lee Widman B20188

BUSH & RAMIREZ, P.L.L.C.
ATTORNEYS AT LAW
5615 KIRBY DRIVE, SUITE 900
HOUSTON, TEXAS 77005

Forward To
Menard Correctional Center
711 Kaskaskin Street
Menard, IL 62259



(Exhibit F)

SCHLICHTER, BOGARD & DENTON, LLP
ATTORNEYS AT LAW
100 SOUTH FOURTH STREET, SUITE 900
ST. LOUIS, MISSOURI 63102

Sean E Suyers, Esq
Attorney at Law

Michael Widmer #B36985
PO Box 1000
Menard, IL 62259

CONFIDENTIAL LEGAL CORRESPONDENCE
TO BE OPENED IN PRESENCE OF INMATE



SCHLICHTER, BOGARD & DENTON, LLP
ATTORNEYS AT LAW
100 SOUTH FOURTH STREET, SUITE 900
ST. LOUIS, MISSOURI 63102

LEGAL MAIL

Forward To
Menard Correctional Center
711 Koskoskin Street
Menard, IL 62259

(Exhibit G)

Mr. Michael Widner   B30985

07/11

02 13

UNITED STATES
$ .00.000

CHAMPAIGN IL 618

08 JUL 2013   PM 3 T

(Exhibit H)

*Michael J. Kopf*

ATTORNEY AT LAW
501 WEST CHURCH • CHAMPAIGN, IL 61820

This correspondence was not
clearly marked as "LEGAL" or
"PRIVILEGED" therefore it was
opened in the mailroom.
Please notify sender accordingly
can be marked accordingly.

MR. MICHAEL WIDMER
INMATE B30985
MENARD CORRECTIONAL CENTER
PO 1000
MENARD, ILL.  62259

(Exhibit I)

HUICHTER, BOGARD & DENTON, LLP
ATTORNEYS AT LAW
100 SOUTH FOURTH STREET, SUITE 900
ST. LOUIS, MISSOURI 63102

y A. Doles, Esq.
erney at Law

Michael Widmer. #B30985
PO Box 1000
Menard, IL 62259

CONFIDENTIAL LEGAL CORRESPONDENCE
TO BE OPENED IN PRESENCE OF INMATE

HLICHTER, BOGARD & DENTON, LLP
ATTORNEYS AT LAW
100 SOUTH FOURTH STREET, SUITE 900
ST. LOUIS, MISSOURI 63102

Troy A. Doles, Esq.
rney at law

( Exhibit D )



Michael Widner, #B30985
PO Box 1000
Menard, IL 62259



CONFIDENTIAL LEGAL CORRESPONDENCE
TO BE OPENED IN PRESENCE OF INMATE ONLY

# SCHLICHTER, BOGARD & DENTON, LLP

### ATTORNEYS AT LAW

TROY A. DOLES

tdoles@uselaws.com

100 SOUTH FOURTH STREET, SUITE 900
ST. LOUIS, MISSOURI 63102
(314) 621-6115
FAX (314) 621-7151
www.uselaws.com

Illinois Office
120 W. MAIN STREET, SUITE 208
BELLEVILLE, ILLINOIS 62220
(618) 632-3329

July 11, 2013

**Via Email Communication and Regular Mail**

Jennifer Marie Lutzke
Adam G. Eisenstein, Esq.
Assistant Attorney General
Office of the Attorney General
500 South Second Street
Springfield, IL 62706

Re:   *Widmer v. Martin*, Case No. 12-cv-1261
      *Widmer v. Bayler*, Case No. 13-cv-23
      *Widmer v. Shehorn*, Case No. 13-cv-24
      *Widmer v. Hodge*, Case No. 13-cv-25
      *Widmer v. Hoskinson, et al.*, Case No. 13-cv-26

Dear Counsel,

As you know, this law firm represents Mr. Widmer (B30985) in the above-referenced matters. According to our client, several pieces of mail from this office to Mr. Widmer have arrived either open or severely torn. This office has sent several communications and written correspondence to Mr. Widmer. These communications were clearly marked "**LEGAL MAIL – ATTORNEY/CLIENT PRIVILEGED COMMUNICATION**" and contained privileged communications. As we are sure you will understand, we are greatly disturbed to hear from our client that these communications are apparently being opened outside of Mr. Widmer's presence. For your reference, Mr. Widmer is presently located at Menard Correctional in Menard, Illinois. Please take immediate action to ensure that any and all mail (outgoing and incoming) properly designated as "Legal Mail" is not opened or otherwise disturbed by anyone other than Mr. Widmer. Please acknowledge your receipt of this communication and please advise by no later than July 17, 2013, what actions have been taken to investigate this issue and to ensure that Mr. Widmer's "Legal Mail" is not improperly opened or disturbed. Without further information and/or action, we will have no choice but to seek relief from the Court.

On a related matter, we have also learned from Mr. Widmer that his attempt to file an additional case in the Southern District of Illinois regarding his treatment at Menard is apparently being thwarted by Menard officers and/or employees. In particular, it is our understanding that any new lawsuit must be forwarded to Mr. John Bramel of Menard for electronic filing and/or processing. It is further our understanding that this additional case, despite at least two attempts by Mr. Widmer

1

## SCHLICHTER, BOGARD & DENTON, LLP
### ATTORNEYS AT LAW

Illinois A.G.
July 11, 2013
Page 2

since approximately June 24, has not been filed or otherwise processed by Mr. Bramel. Although we do not represent Mr. Widmer in this new case, we would appreciate your assistance in resolving this issue. Again, please advise by July 17, 2013, what if anything you have learned on this issue.

Sincerely,

Troy A. Doles



1)    A shower and shave no less than once per week.

2)    State issued toilet tissue, soap, towel, toothbrush, and toothpaste for daily use if the offender has insufficient commissary funds to purchase these items.

3)    A weekly exchange of clean institutional clothes or availability of laundry services at least weekly.

4)    False teeth, eye glasses, and other essential items of personal hygiene and health shall be permitted unless they are a threat to safety or security.

h)    Offenders in segregation status shall be permitted personal property as approved by the Chief Administrative Officer except for property prohibited by 20 Ill. Adm. Code 535.

i)    Commissary privileges comparable to those applicable to the general population shall be allowed, according to grade (Section 504.130), except for restrictions on certain items which may be ordered by the Chief Administrative Officer for safety and security reasons or for other legitimate penological reasons.

j)    Persons in segregation status shall receive nutritionally adequate food.

k)    Visits shall be permitted in accordance with 20 Ill. Adm. Code 525.Subpart A.

l)    Medical personnel shall visit the segregation unit daily to screen requests for medical attention, and a physician shall visit the unit on a weekly basis.

m)    A chaplain designated by the Chief Administrative Officer shall visit the segregation area on a daily basis when a chaplain is present on institutional grounds, when possible, but not less than once a week.

n)    Each offender in segregation status shall be contacted by a correctional counselor at least once every 30 days.

o)    Continued involvement in programs may be permitted on an individual basis on approval of the Chief Administrative Officer.

p)    Offenders shall be afforded the opportunity for exercise outside their cells in accordance with Section 504.670.

q)    Offenders who are not in "C" grade shall be permitted to make one collect telephone call per month for a period of no more than 15 minutes.

r)   Offenders in segregation status shall have the same mail privileges as those provided for persons in the general population (20 Ill. Adm. Code 525.Subpart B).

s)   Offenders in segregation status shall be permitted reading materials and shall have access to materials from the facility library and legal library.  Physical access to the library need not be provided.

t)   Any equipment, personal property, or material provided or allowed in the cell of an offender in segregation status, in accordance with this Subpart, may be removed or restricted as approved by the Chief Administrative Officer if the offender destroys, damages, or abuses it in a manner that jeopardizes the safety of any person or the facility or disrupts institutional safety or order.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

**Section 504.630  Investigative Confinement**

Offenders placed in confinement pending completion of an investigation shall be provided with the same conditions and services as those required for the segregation area.

(Source:  Amended at 27 Ill. Reg. 6214, effective May 1, 2003)

**Section 504.640  Confinement Pending Transfer (Repealed)**

(Source:  Repealed at 12 Ill. Reg. 8351, effective June 1, 1988)

**Section 504.650  Confinement in Control Segregation (Repealed)**

(Source:  Repealed at 22 Ill. Reg. 1206, effective January 1, 1998)

**Section 504.660  Administrative Detention**

Administrative detention is a nondisciplinary status of confinement which removes an offender from general population or restricts the individual's access to general population.

a)   The Chief Administrative Officer may, with the approval of the Director, Deputy Director, or Assistant Deputy Director, place an offender in administrative detention for up to 90 days.

b)   In determining whether to place an offender in administrative detention, the Chief Administrative Officer may consider, among other matters:

1)   The seriousness of the offense;

2)   The safety and security of the facility or any person;

Exhibit N 30



**Illinois**
Department of
**Corrections**

**Pat Quinn**
Governor

**S. A. Godinez**
Director

Menard Correctional Center / P.O. Box 711 / Menard, IL 62259-9998 / Telephone: (618) 826-5071 / TDD: (800) 526-0844

## MEMORANDUM

DATE: _7-10-13_

TO: _Widmer    R-30985    N2-8-24_

FROM: ADJUSTMENT COMMITTEE

SUBJECT: SEGREGATION TIME CUT

In response to your request to be reviewed for a reduction in your segregation term, please be advised that you have been reviewed and were approved / denied at this time based on the following reason(s)

| | | |
|---|---|---|
| ✓ | Nature of offense. | COMMENTS_____ |
| ____ | Poor adjustment. | |
| ____ | Additional observation needed. | |
| ____ | Recent inmate disciplinary report. | |
| ____ | History of aggressiveness. | |
| ____ | Investigation. | |
| ____ | Proper Discipline was administered. | |
| ✓ | I CONCUR | _____ Adjustment Committee Chairman |
| ____ | I DO NOT CONCUR – Recommendation_____ | |

_____
Chief Administrative Officer
Menard Correctional Center

Exhibit AC

Exhibit AC

## ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document #

Offender Name _____   ID# _____   Date _____   Housing Unit _____

Pay to _____

Address _____

City, State, Zip _____

The sum of _____ dollars and _____ cents charged to my trust fund account, for the purpose of _____

☐ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _____   ID# _____

Witness Signature _____

☐ Approved ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution:  Business Office, Offender, Mail Room

*Printed on Recycled Paper*

DOC 0298 (Eff. 1/2008)
(Replaces DC 829)