**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MICHAEL WIDMER, # B-30985,      )
                                   )
              **Plaintiff,**     )
                                   )
      **vs.**                   )     **Case No. 13-cv-663-MJR-SCW**
                                   )
PAGE, *et al.*,                )
                                   )
          **Defendants.**     )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This case is now before the Court for preliminary review under 28 U.S.C. § 1915A of Plaintiff's *pro se* civil rights complaint. Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a five-year sentence for intimidation, and four-year sentences for obstructing justice and fleeing a police officer. He brought this action pursuant to 42 U.S.C. § 1983, claiming that he has been subjected to cruel and unusual punishment and unlawful retaliation, denied his religious diet, denied his right to private, privileged legal correspondence, and denied access to the courts.

Because Plaintiff requested injunctive relief and alleged that he is being subjected to physical injury as well as other ongoing constitutional violations by prison staff, the Court construed the complaint as including a motion for temporary restraining order (Doc. 3). This matter was then referred to United States Magistrate Williams for expedited consideration of the TRO motion. Summons has been issued to six named Defendants (Page, Bebout, Harrington, Jones, Bramlett, and Butler), and a hearing has been set for August 7, 2013 (Docs. 5, 12).

Following entry of the above orders, on July 22, 2013, Plaintiff filed a motion to

amend and supplement his complaint (Doc. 14) and tendered a proposed amended complaint. The motion was granted (Doc. 18), and the First Amended Complaint was filed as Doc. 19. In this complaint, Plaintiff includes four new Defendants whom he was able to identify after he commenced this action, and includes new allegations of retaliation he has experienced as a result of filing this case. Accordingly, all references below are to the First Amended Complaint (Doc. 19).

**The Complaint (Doc. 19)**

Plaintiff was transferred to Menard on June 19, 2013. At his previous prison, he had been issued a special medical permit to be restrained with a waist chain so as to avoid aggravating his arm and shoulder injuries (Doc. 19, pp. 5-6, 14). When he arrived at Menard, he was restrained in this manner. However, Defendant Bebout ordered Plaintiff to submit to being handcuffed behind his back, instead of using the waist chain. Plaintiff informed Defendant Bebout about his injury and medical permit, who in turn informed Defendant Page. Defendant Page screamed and cursed Plaintiff, and ordered Defendant Bebout to cuff Plaintiff's hands behind his back, despite Plaintiff's protests of pain. Because of the pain, Plaintiff had to walk in a bent-over position to report to medical screening (Doc. 19, p. 6).

Defendant nurses Jane Doe #1, #2, and #3 ignored Plaintiff's requests for medical assistance to relieve his pain and honor his medical permit. Defendant Bebout[1] then escorted Plaintiff to be strip searched by him. Plaintiff remained cuffed and in "agony" for about 35 minutes. *Id*.

---

[1] Plaintiff failed to include Defendant Bebout (who was named in the original complaint) among the listed Defendants in the First Amended Complaint (Doc. 19, pp. 1-3). It appears this was an inadvertent omission, as Plaintiff did include allegations against Defendant Bebout in the body of the amended complaint. Plaintiff is reminded that an amended pleading must name all parties to the suit and cannot refer back to an earlier, superseded pleading. The Clerk shall be directed to reinstate Defendant Bebout as a party to this action.

Plaintiff handed over his clothing and eyeglasses (which were in excellent condition) to Defendant Bebout during the strip search. A few minutes later, Defendant Bebout returned Plaintiff's glasses, which had been broken. He then took them again, issuing Plaintiff a receipt. Plaintiff was escorted to his cell and injured his head running into a wall because he was bent over and could not see without his glasses. His broken glasses were later returned. He later saw an optometrist who ordered new glasses for him.

Plaintiff requested medical treatment for his injured shoulder from Defendants Medical Director (Unknown Party #1), Butler (assistant warden), Harrington,[2] and Jones (assistant warden), on several occasions (Doc. 19, pp. 6-7). On June 23, 2013, he sent a copy of his special medical permit to these Defendants. He later requested Defendant Exelsizer (corrections lieutenant) to get him medical treatment, and was refused. Defendant Childers (corrections lieutenant) told Plaintiff it would do no good to file grievances at Menard. Plaintiff still had received no medical treatment for his injury as of the date his amended complaint was filed.

Plaintiff recounts a number of instances when his legal mail relating to other ongoing litigation was opened outside his presence, by Defendants John/Jane Doe Mailroom Employee(s) (Doc. 19, p. 7-8). He brought this problem to the attention of Defendant Harrington via an emergency grievance. In another incident, Plaintiff submitted legal documents to Defendant Bramlett (legal coordinator) to be copied, and requested copies of case law and legal supplies. These requests were made on June 23 and 25, 2013. Plaintiff's trust account was charged for those services, but he never received the copies or supplies. His outgoing legal mail to this Court was returned to him unsent by Defendant John/Jane Doe on June 27, 2013. He

---

[2] Plaintiff refers several times in the complaint to Defendant "Harrison" but does not list this individual among the named Defendants. The Court will presume that this is a spelling error and that Plaintiff intended to reference Defendant Harrington, the Menard Warden.

resubmitted this material to Defendant Bramlett on July 2, 2013, but Defendant Bramlett did not file the court documents until July 11, 2013 (Doc. 19, p. 9). Plaintiff complained about this denial of court access to Defendant Harrington. He received no response to his grievances.

Plaintiff adheres to the tenets of his faith (African Hebrew Israelite) that he should follow a kosher diet (Doc. 19, p. 10). He filed an emergency grievance with Defendant Harrington on June 19, 2013, to request a kosher diet. He also sent a letter requesting the same to Defendants Butler, Jones, and the Chaplain. Two days later, he repeated this request to the Chaplain in person. No response came, despite Plaintiff's follow up requests, and Plaintiff was never given the kosher diet. As a result, he has lost weight, suffered stomach pain and headaches, and has been forced to consume non-kosher foods. He also complains that the Menard doctor and chaplain are not making weekly visits to segregation as required by state law, nor is a nurse monitoring the sick call requests daily.

Plaintiff claims that Defendant Harrington, in retaliation for Plaintiff's activity of bringing this suit and filing multiple grievances and letters of complaint, denied Plaintiff's request for a "time cut" in segregation (Doc. 19, p. 11). The denial was explained by reference to Plaintiff's "nature of offense" (apparently meaning the disciplinary action that landed Plaintiff in segregation). However, Defendant Harrington has granted time cut requests to other inmates with much worse disciplinary records than Plaintiff's. Defendants Harrington and Phoenix have also refused to reinstate Plaintiff's audio/visual privileges, although Plaintiff has met the criteria for restoration of such privileges.

Further acts of alleged retaliation include two threats by two different John Doe Security Staff to "make [Plaintiff's] life a living hell" if he named them in complaints or grievances, causing Plaintiff to fear for his life. Defendant Korando refused Plaintiff's medical

call pass, falsely stating Plaintiff refused treatment, and left Plaintiff's cell unsecured.  He also required Plaintiff to sleep on the top bunk, despite having a low bunk permit for medical reasons. Defendants Phoenix, Butler, Jones, Harrington, and John Doe denied Plaintiff any hygiene products (toothbrush, shampoo, toothpaste, soap, and deodorant) for 31 days.   Plaintiff is indigent and cannot purchase these supplies.  He is suffering from skin rashes and "extreme mental and emotional anguish" from the lack of these items in a cell where the temperature exceeds 100 degrees (Doc. 19, p. 12).

Plaintiff seeks damages and injunctive relief to obtain a kosher diet, medical care, to prevent the obstruction of his legal mail or his access to the courts, and to prevent further retaliation.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action:

**Count 1:**  Against Defendants Page and Bebout for excessive force;

**Count 2:**  Against Defendants Page and Bebout for deliberate indifference to a serious medical need (failing to honor Plaintiff's medical permit for a waist chain), and against Defendants Jane Doe Nurses #1, #2, and #3, Medical Director, Butler, Harrington, Jones, and Exelsizer for deliberate indifference to a serious medical need (ignoring Plaintiff's requests for medical treatment for the injuries inflicted by Defendants Page and Bebout);

**Count 3:**  Against Defendant(s) John/Jane Doe Mailroom Employee(s) for repeatedly

opening Plaintiff's privileged legal correspondence;

**Count 4:**   Against Defendants Harrington, Butler, Jones, and Chaplain for denying Plaintiff a kosher diet;

**Count 5:**   Against Defendants Harrington, Phoenix, Korando, Butler, and Jones for retaliation.

Plaintiff shall be allowed to proceed on the above claims.  However, the Court finds that Count 3, which is unrelated to the claims in Counts 1, 2, 4, or 5, and involves none of the Defendants associated with Counts 1, 2, 4, or 5, should be severed into a separate action.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).

The fact that Plaintiff filed an emergency grievance to Defendant Harrington over the opening of his legal mail does not provide grounds for liability on his part for the claims in Count 3.   The allegations in the complaint state that only the John/Jane Doe Mailroom Employees were personally responsible for the alleged violation of Plaintiff's constitutional rights.   Neither a defendant's role in responding to prisoner grievances, nor his supervisory authority over the wrongdoers constitutes "personal involvement" in the unlawful action that gave rise to the grievance or claim.  *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).   Thus, Count 3 shall proceed only against the John/Jane Doe Mailroom Employee Defendants.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the

Court shall sever Count 3 of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for that claim.  However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on that claim or incur the additional filing fee.

## Claims and Defendants to be Dismissed

Plaintiff's allegations against Defendant Bramlett regarding denial of access to the courts **(Count 6)**, and against Defendants Bebout and Bramlett for deprivation of property without due process **(Count 7)**, fail to state a claim upon which relief may be granted, and shall be dismissed for the following reasons.

**Count 6:**  Plaintiff describes a delay of nearly three weeks before Defendant Bramlett filed legal documents for Plaintiff.  In addition, Defendant Bramlett failed to provide Plaintiff with copies of legal documents or legal supplies.  However, the complaint does not indicate that these actions caused Plaintiff to suffer any actual or potential detriment to his ability to pursue a meritorious claim in court.  Actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts.  *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987).  An inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded.  *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).  A delay in filing such as Plaintiff describes is not, in and of itself, a detriment of constitutional proportions.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).   Therefore, Plaintiff's access to court claim shall be dismissed with prejudice.

**Count 7:**  Plaintiff's complaint against Defendant Bramlett for being charged for legal copies and supplies that were never provided to him also presents a claim for deprivation of

property (money) without due process.  Similarly, Plaintiff was deprived of his eyeglasses after they were broken by Defendant Bebout.  However, these are not proper constitutional claims to bring before this Court.

Plaintiff has the right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a cognizable federal claim under the due process clause of the Fourteenth Amendment, however, Plaintiff must establish a deprivation of property *without due process of law*.  If the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).  Plaintiff's civil rights claim in Count 7 shall be dismissed with prejudice.  His remedy, if any, lies in state court.

**Defendant Bramlett:**  Because all claims involving Defendant Bramlett shall be dismissed, he shall also be dismissed as a party to this action.

**Defendant Childers:**  Plaintiff makes no allegations of constitutional wrongdoing against this Defendant.  He states only that Defendant Childers told him it would do no good to file grievances at Menard (Doc. 19, p. 7).  Defendant Childers shall be dismissed from the action without prejudice.

**Defendant Unknown Party 2 (Medical Doctor):**  Plaintiff's sole allegation against the doctor is that he failed to make weekly rounds in segregation as required by law. This does not state any constitutional claim.  "The federal government is not the enforcer of state

law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).  This Defendant shall also be dismissed without prejudice.

**Defendant Unknown Party 3 (Internal Affairs Employees):**  Plaintiff makes no allegations against this party/parties anywhere in the body of the complaint.  This Defendant shall also be dismissed without prejudice.

**<u>Pending Motions</u>**

Plaintiff's motion for recruitment of counsel (Doc. 13) shall be referred to United States Magistrate Judge Williams for further consideration.

Plaintiff has moved for leave to proceed *in forma pauperis* ("IFP") in this action (Doc. 16).  He has submitted an affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand.  However, he has not tendered a complete certified copy of his inmate trust fund account statement.  The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Lawrence Correctional Center (where Plaintiff was previously incarcerated) (Doc. 17), but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment.  Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee.  At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court.  The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed

IFP in this case (Doc. 16) is **GRANTED**.  The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Menard.

**<u>Disposition</u>**

The Clerk is **DIRECTED**  to reinstate Defendant Bebout as a party.

**COUNTS 6 and 7** are **DISMISSED** with prejudice for failure to state a constitutional claim upon which relief may be granted.  Defendants **BRAMLETT, CHILDERS, UNKNOWN PARTY 2 (MEDICAL DOCTOR),** and **UNKNOWN PARTY 3 (INTERNAL AFFAIRS EMPLOYEES)** are **DISMISSED** from this action without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's mail interference claim (**COUNT 3**), which is unrelated to the claims in Counts 1, 2, 4, or 5, is **SEVERED** into a new case.  That new case shall be: Claims against **UNKNOWN (JOHN/JANE DOE) MAILROOM DEFENDANTS** for opening Plaintiff's privileged legal mail.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings.  In the new case, the Clerk is **DIRECTED** to file the following documents:

(1)   This Memorandum and Order
(2)   The First Amended Complaint (Doc. 19)
(3)   Plaintiff's motion to proceed *in forma pauperis* (Doc. 16)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 35 days (on or before **September 5, 2013**).  Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $350.00 filing fee** in the new case.  No service shall be ordered in the severed case until after the deadline for Plaintiff's response.  Further, that case cannot proceed until Plaintiff identifies the defendant mailroom staff by name in an amended complaint, which he must file in that new case if he decides to pursue that claim.  The

Clerk shall notify Plaintiff of the case number for the new severed case as soon as it is opened.

In order to assist Plaintiff in preparing an amended complaint in the severed case, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that should he choose to proceed on the severed claim against the mailroom staff, his amended complaint in that case shall contain ONLY the claims designated in this Order as Count 3, and shall name ONLY those Defendants directly and personally responsible for those allegedly unconstitutional acts. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, an amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with his amended complaint in the severed case.

**IT IS FURTHER ORDERED** that the *only claims remaining in this action are COUNTS 1, 2, 4, and 5.*

**IT IS FURTHER ORDERED** that the **UNKNOWN (JOHN/JANE DOE) MAILROOM DEFENDANTS** are **TERMINATED** from *this* action with prejudice.

The Clerk of Court shall prepare for Defendants **EXELCISER, PHOENIX,** and **KORANDO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will

require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 13).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment

of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 1, 2013**

s/ MICHAEL J. REAGAN
United States District Judge