IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WIDMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13–cv–0663–MJR–SCW |
| | ) | |
| PAGE,    BEBOUT,    HARRINGTON, | ) | |
| JONES, BUTLER, JOHN DOE 2, JANE | ) | |
| DOE 2, JANE DOE 3, UNKNOWN | ) | |
| PARTY 1, JANE DOE 1, EXELCISER, | ) | |
| PHOENIX, and KORANDO | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Michael Widmer has sued multiple state actors at Menard Correctional Center, alleging that they refused to issue him lower gallery permits and waist chain permits immediately upon his transfer to Menard, that he suffered injuries as a result of the refusal to honor his waist chain permit, that the resulting injuries as well as his chronic health conditions were ignored by medical staff, staff denied him his religious diet, and that his mail has been continually obstructed. The Court construed Plaintiff's Complaint as containing a Motion for a Temporary Restraining Order, and referred this matter pursuant to 28 U.S.C. 636(b)(1)(B) to the undersigned for an evidentiary hearing. (Doc. 3). An evidentiary hearing was held on September 27, 2013.

As an initial matter, when this case was originally referred to the undersigned for a hearing on the Motion for a Temporary Restraining order it had not yet undergone threshold review pursuant to 1915A. However, due to scheduling conflicts, threshold review was completed prior the

hearing on the TRO.  At threshold, the Court split Plaintiff's Complaint into two cases.  (Doc. 20). While most of Plaintiff's claims remain associated with this case, Plaintiff's Complaints about his mail were severed into No. 13-787. (Doc. 20).  The undersigned construed his mandate as applying to both cases because of the order directing him, in part, to hold a TRO hearing on Plaintiff's mail-related claims.  The undersigned heard evidence related to Plaintiff's mail claims at the hearing, however, there was insufficient evidence presented for the undersigned to make a recommendation. Therefore, the undersigned continued the hearing as to the mail claims only, and this order will only address issues currently pending in the above captioned case.

Plaintiff asks the court "for injunctive relief to enjoin the defendants from continuing their course of conduct  . . . of denying my religious diet, denying me medical treatment and willfully injuring me as described in the aforesaid complaint." (Doc. 1, p. 6).   His Amended Complaint uses slightly different language and asks the Court to "enjoin defendants Harrison, chaplain, Butler, and Jones from continuing to deny me a kosher diet. 2) enjoin defendants medical director Harrison, Bulter, and Jones from denying me medical treatment. 3) enjoin defendants John or Jane Doe, Harrison, Sulter, Jones and Childers from distructing (sic) or interfering with my incoming and outgoing US Mail and legal mail.  4) enjoin defendants Harrison and Childers from retaliating against me for exercising my right to redress thru grievances and the court . . . to enjoin Defendant Bramlet from delaying, obstructing or denying me meaningful access to the Courts." (Doc. 19, p. 13).

The Federal Rules allow issuance of a TRO only if specific facts in an affidavit or verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. **Fed. R. Civ. P. 65(b)(1).**  The standard for a TRO is the same as the standard for a preliminary injunction.  ***Crue v. Aiken,*** **137**

F.Supp.2d 1076, 1083 (C.D. Ill. 2001); *U.S. United Barge Lines LLC v. Vaughn*, No. 10-cv-382-JPG, 2010 WL 2162640, at \*1 (S.D. Ill. May 24, 2010).

The purpose of a preliminary injunction is to preserve the status quo until the merits of a case may be resolved. *Indiana Civ. Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). *Accord Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). *Accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"); *Girl Scouts of Manitou Cnty., Inc. v. Girl Scouts of USA, Inc.*, 549 F.3d 1079, 1085 (7th Cir. 2008) ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it") (internal quotation marks omitted).

To secure a preliminary injunction, a movant must show (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without the injunction, (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants, and (4) the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*, 555 U.S. at 20). The considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted. *Judge*, 612 F.3d at 546.

Here, Plaintiff does not carry his burden of persuasion. As to Plaintiff's claim seeking medical care, Plaintiff testified at the hearing that he had been to the medical unit twice since returning from Stateville to Menard on September 18, 2013. The health care unit had also issued

him a low bunk permit and a wrist chain permit, as he requested.  Therefore, Plaintiff's requests as to those issues are moot.  Plaintiff also requested physical therapy at the hearing, as he had been receiving physical therapy prior to his transfer to Menard.  Plaintiff conceded that he was not sure that he was legally entitled to physical therapy, but explained that it had been helping him in the past.  However, this testimony is not sufficient to show that Plaintiff will succeed on the merits of deliberate indifference.  The undersigned recommends that the Court deny Plaintiff's claims for injunctive relief for his serious medical needs.

As to Plaintiff's request regarding his kosher diet, the evidence shows that there is no need for injunctive relief at this time.  Defendants called Howard Harner, the head chaplain of Menard, to testify.  He testified that he would grant Plaintiff's request for a kosher diet, but that he had not received a written request for such a diet.  He indicated that he would send the proper form to Plaintiff, and upon receipt of the form, grant his request for his diet.  Therefore, the undersigned recommends that the Court find Plaintiff's request for injunctive relief with regards to his kosher diet moot.

Plaintiff also testified that he had received insufficient "write-out" material.  He testified that as an indigent prisoner, he is provided with a certain number of writing materials per month.  Plaintiff testified that it is difficult for him to keep up with his cases with the current amount of writing materials he has been provided.  However, upon further questioning, Plaintiff testified that he currently had seventeen (17) legal matters pending in federal and state court.  Additionally, although Plaintiff testified that he is only able to file the required responses in his cases due to the lack of writing supplies, he has four pending motions in the current case, including a Motion to Appoint Counsel (Doc. 13), a Motion to Supplement Amended Complaint (Doc. 24), a Motion to add Defendant (Doc. 46), and a Motion to Change IDOC Policy (Doc. 49).  These motions are more than just bare responses.  Plaintiff also testified that he filed two cases in the

Northern District of Illinois within the last thirty days while on a writ to Stateville.   However, Plaintiff's claims regarding "write-out" material were dismissed with prejudice from his Amended Complaint.  (Doc. 20, p.7).   Plaintiff may wish for more writing supplies, but this is no longer a cognizable claim in this case. Plaintiff is not entitled to injunctive relief.   The undersigned recommends, therefore, that the Court deny Plaintiff's requests regarding his "write-out" material.

Although some of Plaintiff's requests for injunctive relief in his Complaint could be construed to include other defendants or activities, Plaintiff did not submit any evidence, other than that discussed above.  Therefore, Plaintiff has not carried his burden to the extent that his Amended Complaint requested more than the requests already addressed.  As stated above, the undersigned intends to hold another hearing on Plaintiff's mail claims in his companion case, 13-787.

The undersigned recommends that the District Court **DENY** Plaintiff's Motion for a temporary restraining order.  Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen,*** 380 F.3d 279, **284 (7th Cir. 2004).  <u>Objections to this Report and Recommendation must be filed on or before October 25, 2013</u>.  *See* Fed. R. Civ. P. 6(d); SDIL-LR 5.1(c).

**IT IS SO RECOMMENDED.**

**DATE: <u>October 8, 2013</u>**                                   */s/ Stephen C. Williams*
                                                                          **STEPHEN C. WILLIAMS**
                                                                          United States District Judge