IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WIDMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV- 0663-MJR-SCW |
| | ) | |
| PAGE, BEBOUT, HARRINGTON, JONES, | ) | |
| BUTLER, JOHN DOE 2, JANE DOE 2, | ) | |
| JANE DOE 3, UNKNOWN PARTY 1, | ) | |
| JANE DOE 1, EXELCISER, PHOENIX, | ) | |
| AND KORANDO, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Michael Widmer's Complaint alleges that the above mentioned defendants refused to issue him lower gallery permits and waist chain permits immediately upon his transfer to Menard, that he suffered injuries as a result of the refusal to honor his waist chain permit, that the resulting injuries as well as chronic health conditions were ignored by medical staff, that staff denied him his religious diet, and that his mail been continuously obstructed (*See* Doc. 1). The Court construed Plaintiff's Complaint as containing a Motion for a Temporary Restraining Order, and referred this matter pursuant to 28 U.S.C. § 636(b)(1)(B) to the Magistrate Judge Stephen Williams for an evidentiary hearing (Doc. 3). On September 26, 2013, Magistrate Judge

Stephen Williams held a hearing on Plaintiff's motion and issued a Report and Recommendation on October 8, 2013 (Doc. 60). The Report & Recommendation gave the parties until October 25, 2013 to file an objection. No objections have been filed. Instead, Plaintiff filed a "Response to Report" whereby indicating that he agreed with the Report and Recommendation (Doc. 64).[1]

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), the Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the record and Magistrate Judge William's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Williams. Plaintiff has also

---

[1] It appears that Plaintiff placed the wrong case number in the caption of his "Response to Report." Although Plaintiff wrote "13-C-787" in the caption, it is obvious to the Court that this "Response to Report" belongs in this case, No. 13-cv-0663. Thus, the Clerk of the Court has docketed this letter in Case No. 13-cv-0663 (*See* Doc. 64).

indicated to the Court that he agrees with the conclusions of Magistrate Judge Williams (Doc. 64).

The Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation (Doc. 60) and **DENIES** Plaintiff's Motion for a Temporary Restraining Order (Doc. 1).

IT IS SO ORDERED.

DATED:   November 7, 2013

                                              s/Michael J. Reagan
                                              MICHAEL J. REAGAN
                                              United States District Judge